OPINION
{¶ 1} Appellant, maternal grandmother, Ola Mays, represented by counsel, is appealing from the decision of the Juvenile Court of Montgomery County, Ohio, granting permanent custody of both of her grandchildren, Edward Muldrew and Ashley Still, to the Montgomery County Children Services Board ("MCCSB"), finding such grant of permanent custody to be in the best interest of both children.
 {¶ 2} Although there are separate case files open for each child in the Juvenile Court, this appeal, as well as a prior appeal, noted below, have treated both children together as one appeal.
 {¶ 3} The order being appealed from, which is identical for each child, is as follows:
 {¶ 4} "On April 7, 2003, Magistrate Maciorowski filed a Decision of the Magistrate in the matter of the motion for permanent custody on remand from the Second District Court of Appeals. The Magistrate granted permanent custody to MCCS because there was clear and convincing evidence that the children could not be placed with either parent in a reasonable time and it was in the children's best interest to grant permanent custody.
 {¶ 5} "Ms. Mays objects to the Decision of the Magistrate claiming that granting permanent custody to MCCS was not in the best interests of the children because they are closely bonded with her, their maternal grandmother, and continued contact is important to all parties involved. The separate foster homes that the children are currently placed in are not potential adoptive placements, so under this order there is no way to ensure that visitation with her may continue. Further, she claims that the children's need for permanence is outweighed by their need for continued familial relationships.
 {¶ 6} "MCCS responds to these objections claiming that the children have been in the custody of MCCS for 12 out of the last 22 months and reunification with the parents is futile, since the mother is deceased, neither alleged father has any contact with the children, and Ms. Mays testified that she was no longer willing and able to care for the children. Further, the Court of Appeals determined in this case a Planned Permanent Living Arrangement was not a proper disposition available to the court based on the facts in this case. MCCS claims that Ms. Mays objects to this decision, but she has failed to provide the Court any alternative to the grant of permanent custody.
 {¶ 7} "Upon a careful review of the objections, including the record, the Court hereby OVERRULES the same. The Court determines an order of permanent custody to MCCS is in the best interests of said child based on clear and convincing evidence. Ohio Revised Code 2151.414 states that the Court may grant permanent custody of a child if the court determines by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child. Here, the children have been in the custody of MCCS for over 12 out of the last 22 months. Mother of said children is deceased and their alleged fathers have no contact with them, so reunification with either parent is unlikely. Ms. Mays who had custody of the children previously has told the court that she can no longer care for the children on a full-time basis. The children need permanence in their lives and granting permanent custody of the children to MCCS can help to provide that. The Second District Court of Appeals previously stated in their Decision filed December 27, 2002 that there was not sufficient evidence to justify placing the children in a PPLA pursuant to ORC 2151.353(5). In re: Edward Muldrew AshleyStill (Montgomery County, 2nd App. Dist., December 27, 2002). Because the children cannot be placed in a PPLA, which could ensure visitation with Ms. Mays, it is in their best interest to grant permanent custody to MCCS so that the children may have stability in their lives. However, the Court recommends that if open adoption is an option for the children in this case, that it be pursued.
 {¶ 8} "With the above determinations, the Court hereby adopts the Decision of the Magistrate, as its own, with all the provisions and requirements contained therein, and hereby makes the same the ORDER OF THIS COURT."
 {¶ 9} The first appeal in this matter, referred to in the trial court's decision, was an appeal brought by the MCCSB objecting to the decision of the trial court, approving the magistrate's decision that granted a planned permanent living arrangement (PPLA) for both the children. MCCSB argued that it had requested a grant of permanent custody to it, and that the Juvenile Court did not have authority to place the children in a PPLA unless all the statutory requirements contained in R.C.2151.353(5) are satisfied. This court sustained that assignment of error, finding that there was not sufficient evidence to justify placing the children in a PPLA pursuant to the code and remanded the matter back to Juvenile Court to conduct a new hearing on the State's motion for permanent custody, if necessary, and to consider the State's motion for permanent custody in accordance with R.C. 2151.353. As the Juvenile Court noted in its decision, the magistrate proceeded to grant permanent custody to the agency for the reasons stated in the court's decision.
 {¶ 10} Relevant to the court's decision is the fact that Ola Mays, the maternal grandmother who has maintained significant contact with both children since the death of the children's mother, has disclaimed any interest in having custody of them now.
 {¶ 11} We review the Juvenile Court's decision for abuse of discretion. In re Pieper Children (1993), 85 Ohio App.3d 318,330, 619 N.E.2d 1059. Abuse of discretion implies that the court's decision was unreasonable, arbitrary or unconscionable. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 12} During oral argument, counsel for Ola Mays contended the Juvenile Court erred in not holding another hearing after the remand The record, however, does not show that counsel either requested such a second hearing or objected to the lack of it; that issue is, therefore, not before us.
 {¶ 13} The records of both of these children before the Juvenile Court are virtually identical, except each has a different father, but neither father has been a part of their lives at all. Upon our careful review of the records of both children, we find that the Juvenile Court properly followed the mandate of this court, and its order granting permanent custody to MCCSB is amply supported by the record of each child.
 {¶ 14} The appellant's objection to the grant of permanent custody is apparently based upon her fear that this action, which could lead to adoption of both children, either together or separately, could interfere with her continued close contact with the children. However, in that regard, we note that the Juvenile Court recommended that if an open adoption is an option for the children in this case that it be pursued. We find no abuse of discretion on the part of the decision of the Juvenile Court. The appellant's sole assignment of error, that the court erred in finding that the permanent custody grant was in the best interest of the children, is overruled, and the judgment is affirmed.
Fain, P.J., and Grady, J., concur.